United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRECKENRIDGE PROPERTY FUND 2016, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>OLIVIA ESPINOZA,<br><br>    Defendant. | Case No. 18-cv-02619-SVK<br><br>**ORDER TO DEFENDANT TO SHOW CAUSE AS TO WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**<br><br>Re: Dkt. Nos. 8 |

Defendant, Olivia Espinoza, proceeding pro se and *in forma pauperis*, removed this unlawful detainer action to federal court. Espinoza invokes federal subject matter jurisdiction under 28 U.S.C. § 1331. ECF 1 at 9-10. Plaintiff, Breckenridge Property Fund 2016, filed a motion to remand on May 18, 2018, claiming the Court must remand the case because the Court lacks subject matter jurisdiction. *See* ECF 8. Espinoza failed to file an opposition to the motion to remand by the deadline on June 1, 2018. As a result, the Court ORDERS Espinoza to show cause as to why this case should not be remanded to state court for lack of subject matter jurisdiction.

Removal to federal court is only proper where the federal court would have had original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal, and the defendant bears the burden of demonstrating that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The Court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. Proc. 12(h)(3). And the Court must remand a case to state court if it appears at any time before final judgment that the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Federal question jurisdiction exists over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if it appears

from the well-pleaded complaint that federal law creates the cause of action or, under certain circumstances, if plaintiff's right to relief necessarily requires resolution of a substantial question of federal law. *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Where a complaint only contains state law claims, the defendant must show "that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983). Defenses and counterclaims likewise do not satisfy the requirement that the case "arise under" federal law. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32 (2002); *Franchise Tax Bd.*, 463 U.S. at 14.

In light of the foregoing, the Court ORDERS Espinoza to SHOW CAUSE as to why this action should not be remanded to state court. Espinoza shall respond to this Order in writing by June 25, 2018. If Espinoza fails to respond, the Court will issue a report and recommendation to remand this case to Monterey Superior Court.

The hearing currently schedule for June 26, 2018 is vacated.

**SO ORDERED.**

Dated: June 18, 2018

_____
SUSAN VAN KEULEN
United States Magistrate Judge